IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHAMIKA REEVES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 5:12-cv-238 (CAR) |
| | : | |
| CAROLYN W. COLVIN, | : | SOCIAL SECURITY APPEAL |
| | : | |
| Defendant. | : | |
| _____ | : | |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Shamika Reeves's claim for a period of disability, disability insurance benefits, and supplemental security income. In support of her request for remand, Plaintiff argues that the Administrative Law Judge (ALJ) erred by: (1) failing to account for Plaintiff's mental limitations; (2) failing to evaluate whether Plaintiff met a medical listing for seizures; and, (3) failing to call a medical expert. Review of the record confirms that the ALJ sufficiently accounted for Plaintiff's mental limitations and properly evaluated whether Plaintiff met the medical listing. Additionally, Plaintiff has failed to show that calling a medical expert was necessary. Accordingly, it is hereby **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

## BACKGROUND

At the time of her most recent hearing before the ALJ, Plaintiff Shamika Reeves was twenty-five years old and suffered from seizure disorders, obesity, sleep apnea, hip and ankle problems, and depression. AR 27, 52 (Doc. 11-2). Plaintiff attended high school through the

twelfth grade but did not graduate. Id. at 52. Plaintiff previously worked as a packer, a cleaner, and a laundry worker. Id. at 39.

On January 9, 2007, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income. AR 105 (Doc. 11-3). Following a hearing before an ALJ, Plaintiff's claim was denied on September 17, 2008. Id. at 111. The Appeals Council granted review, vacated the ALJ's decision, and remanded the case for further proceedings. Id. at 112-14. After a second hearing before the ALJ, the ALJ again denied Plaintiff's claim on September 17, 2010. AR 41 (Doc. 11-2). The Appeals Council declined to review the decision. Id. at 1. Plaintiff subsequently filed the instant appeal on June 25, 2012. Doc. 1.

## STANDARD OF REVIEW

District courts have a limited role in reviewing claims brought under the Social Security Act. Review of the Commissioner's decision is restricted to a determination of whether the decision is supported by substantial evidence and whether the correct legal standards were applied. Walker v. Bowen, 826 F.2d 996, 1000 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). Consequently, a court's role in reviewing claims brought under the Social Security Act is quite narrow.

District courts must defer to the Commissioner's factual findings. Courts may not decide facts, re-weigh evidence, nor substitute their judgment for that of the Commissioner. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Credibility determinations are left to the Commissioner and not to the courts. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th

Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). See also Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986). Courts must scrutinize the entire administrative record to determine the reasonableness of the Commissioner's factual findings. Bloodsworth, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if it is supported by substantial evidence. Id.

The Commissioner's findings of law are given less deference. Courts must determine if the Commissioner applied the proper standards in reaching a decision. Harrell v. Harris, 610 F.2d 355, 359 (5th Cir. 1980). Courts must therefore consider any questions of law *de novo*, and "no…presumption of validity attaches to the [Commissioner's] conclusions of law, including determinations of the proper standards to be applied in reviewing claims." Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). The Commissioner's failure to apply the correct legal standards or to provide a sufficient factual basis for the court to determine that the correct legal standards have been followed is grounds for reversal. Id.

## EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity due to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

When analyzing the issue of disability, the Commissioner must follow a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether or not the claimant is currently engaged in substantial gainful activity. Second, upon a finding that the claimant is not working, the Commissioner determines whether the claimant has

any impairment that prevents the performance of basic work activities. Next, if the existence of such impairments has been found, the Commissioner determines whether the impairment(s) meets or medically equals the severity of one or more of the specified impairments listed in Appendix 1 of Part 404 of the regulations. If the claimant's impairments do not meet or medically equal a listed impairment, the Commissioner must proceed to evaluate the claimant's residual functional capacity (RFC) for work. Fourth, using the claimant's RFC, the Commissioner determines whether the claimant is able to perform the physical and mental demands of her past work despite the impairments. Finally, and only when it has been determined that the claimant is unable to perform her past work, the Commissioner must determine whether there are sufficient numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and past work experience.

## DISCUSSION

The Commissioner's decision must be affirmed because the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence. Plaintiff contends that the ALJ did not adequately account for Plaintiff's mental limitations, did not adequately evaluate whether Plaintiff met a medical listing for seizures, and did not call a necessary medical expert. The ALJ sufficiently accounted for Plaintiff's mental limitations and properly evaluated whether Plaintiff met the medical listing. Additionally, Plaintiff has failed to show that calling a medical expert was necessary.

### The ALJ's Findings

At step one of the sequential evaluation process, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 20, 2006. AR 29 (Doc. 11-2). At step two, the ALJ determined that Plaintiff suffered the following combination of

severe impairments: seizure disorder, obesity, obstructive sleep apnea, history of ankle fracture, hip problems, and depression. Id. At step three, the ALJ found that Plaintiff's impairments did not, alone or in combination, meet or medically equal any of the impairments listed in Appendix 1 to Subpart P of Part 404 of Chapter 20 of the Code of Federal Regulations (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). Id. at 29-31. Consequently, but before moving to step four, the ALJ proceeded to consider Plaintiff's RFC.

The ALJ found that Plaintiff had the RFC to perform light work with the following limitations: Plaintiff could lift/carry no more than twenty pounds occasionally and ten pounds frequently; could perform no more than occasional climbing, balancing, kneeling, stooping, crouching, and crawling; should avoid concentrated exposure to excessive heat and concentrated cleaning chemicals; should avoid work on ladders, ropes, and scaffolds; should avoid work at unprotected heights; should avoid work around dangerous, moving machinery including commercial driving; should avoid work where her seizure condition would endanger herself or others; and could perform only simple work due to her mental condition. Id. at 31. The ALJ also stated that he considered Plaintiff's obesity and how it affects her ability to do work in determining Plaintiff's RFC. Id.

At step four, based on Plaintiff's RFC, the ALJ determined that Plaintiff could not perform any past relevant work. Id. at 39. At step five, however, the ALJ determined that Plaintiff was not disabled because there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed based on her age, education, work experience, and RFC.

**Plaintiff's Mental Limitations**

Plaintiff contends that the ALJ erred by inadequately accounting for her mental limitations in his RFC finding and hypothetical question posed to the Vocational Expert. Specifically, Plaintiff alleges that the ALJ did not account for Plaintiff's moderate limitations in concentration, persistence, and pace. Plaintiff argues that the ALJ's hypothetical question limiting Plaintiff to simple work did not adequately account for Plaintiff's moderate limitations in concentration, persistence, and pace. In his report, however, the ALJ specifically addressed Plaintiff's subjective complaints regarding her limitations concentration, persistence and pace in his RFC assessment, and substantial evidence supports the ALJ's finding that Plaintiff could perform simple work despite her limitations. Accordingly, the ALJ did not err by limiting the RFC findings and the hypothetical question to simple work.

At step five of the sequential evaluation process, an ALJ may determine that the plaintiff can perform work, and therefore is not disabled, by asking a Vocational Expert hypothetical questions "to establish whether someone with the limitations that the ALJ has previously determined that the [plaintiff] has will be able to secure employment in the national economy." Phillips v. Barnhart, 357, F.3d 1232, 1240 (11th Cir. 2004). To constitute substantial evidence sufficient to support the ALJ's findings, the ALJ must "pose a hypothetical question which comprises all of the [claimant]'s impairments." Winschel v. Commissioner of Social Security, 631 F.3d 1176, 1180 (11th Cir. 2011).

In support of her argument that the ALJ posed an incomplete hypothetical question to the Vocational Expert, Plaintiff relies primarily on the Eleventh Circuit's rulings in Winschel and Richter v. Commissioner of Social Security, 379 Fed. Appx. 959 (11th Cir. 2010). Although the court in Winschel determined that limiting the hypothetical question to "simple, routine tasks or

6

unskilled work" did not adequately account for the plaintiff's moderate limitations in concentration, persistence, and pace in that case, the court did not hold that moderate limitations in concentration, persistence, and pace could never be accounted for by a functional limitation to performing simple work. See Winschel, 631 F.3d at 1181; Jarrett v. Commissioner of Social Security, 422 Fed. Appx. 869, 872 (11th Cir. 2011). The court recognized "that a hypothetical question could sufficiently account for such an impairment by including a restriction to simple or routine tasks if the medical evidence demonstrates that the claimant has the ability to perform those tasks despite a limitation in concentration, persistence, and pace. " Jarrett, 422 Fed. Appx. at 872 n. 1 (citing Winschel, 631 F.3d at 1179-80); see also Hopson v. Astrue, 2012 WL 1155294 (M.D.Fla. 2012). Because no such medical evidence existed in Winschel, the court remanded the case to the ALJ to include the plaintiff's limitations in the hypothetical.

In this case, the ALJ addressed Plaintiff's moderate limitations in concentration, persistence, and pace in the RFC assessment, and the ALJ considered Plaintiff's limitations in finding that Plaintiff had the capacity to perform simple work. Using the psychiatric review technique to evaluate the severity of Plaintiff's mental impairments, the ALJ determined that Plaintiff had moderate limitations in concentration, persistence, or pace. AR 30 (Doc. 11-2). In making his finding, the ALJ relied upon Plaintiff's subjective complaints. The ALJ stated that "[a]ccording to [Plaintiff], she has some difficulty remembering things, completing tasks, and working at a brisk pace." Id. After completing the psychiatric review technique, the ALJ stated that his RFC assessment reflects the degree of mental limitations found using the psychiatric review technique.

In the RFC assessment, the ALJ again noted Plaintiff's mental limitations. The ALJ stated that Plaintiff reported problems concentrating, completing tasks, and remembering. Id. at

32. Although the ALJ decided "to give [Plaintiff] the benefit of the doubt and find her allegations [regarding her mental impairments] credible," the ALJ also noted that the record does not contain any formal mental health records. Id. at 37-38. Additionally, the ALJ noted that Plaintiff denied ever seeking or receiving any mental health treatment or taking any mental health medications. Id. at 38. After reviewing the record, the ALJ determined that Plaintiff could perform simple work despite her mental limitations. Id. at 31.

Sufficient medical evidence supports the ALJ's finding that Plaintiff could perform simple work despite moderate limitations in concentration, persistence, and pace. As indicated above, the record indicates that Plaintiff never sought formal mental health treatment. Additionally, the ALJ cited Dr. Elmore's June 28, 2010 report stating that Plaintiff had no other medical problems other than her seizure disorder. Id. at 36, 486 (Docs. 11-2, 11-8). The same report also indicates that Plaintiff showed no symptoms of depression, that Plaintiff was alert and oriented times three with no acute distress, and that Plaintiff's "fund of knowledge is appropriate, her memory for immediate and delayed recall is 4/4 and language is fluent." AR 486 (Doc. 11-8). The State psychological consultative examiner also determined that Plaintiff did not have a medically determinable mental impairment. AR 376 (Doc. 11-7). Although the ALJ gave little evidentiary weight to the consultative examiner and found that Plaintiff had a severe mental impairment, the consultative examiner's records supports the ALJ's finding that Plaintiff could perform simple work despite moderate limitations in concentration, persistence.

**Medical Listing**

Plaintiff contends that the ALJ failed to make requisite findings in his determination that Plaintiff did not meet medical listing 11.03. Specifically, Plaintiff argues that the ALJ neglected to make findings regarding whether Plaintiff exhibited transient postictal manifestations of

unconventional behavior. Because the ALJ did not find that Plaintiff met the threshold treatment requirement of listing 11.03, the ALJ did not err by failing to make findings regarding Plaintiff's alleged transient postictal manifestations of unconventional behavior.

A plaintiff suffering from petit mal, psychomotor, or focal epileptic seizures may qualify as disabled by meeting the specific requirements detailed in medical listing 11.03. See 20 C.F.R. Part 404, Subpart P, Appx. 1, § 11.03. To meet listing 11.03, a plaintiff must show: a detailed description of a typical seizure pattern including all associated phenomena, occurring more frequently than once weekly in spite of at least three months treatment; *plus* (a) an altered awareness or (b) a loss of consciousness; *and* (a) transient postictal manifestations of unconventional behavior or (b) a significant interference with activity during the day. Id. The plaintiff bears the burden of showing that she meets a listing, and the evidentiary standards for meeting a listing are heightened because the medical listings require an automatic granting of benefits. See Sullivan v. Zebley, 439 U.S. 521, 531 (1990) (superseded by statute on other grounds) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.")

In this case, the ALJ properly determined that Plaintiff did not meet listing 11.03. Plaintiff erroneously contends that the ALJ "apparently accepted that [she] has more than one seizure per week despite her long history of treatment…." Pl.'s Brief at 13 (Doc. 12). The ALJ's decision does not support this contention, but shows that the ALJ did not find that Plaintiff met listing 11.03's threshold requirement of more than one seizure occurring more than once weekly in spite of at least three months of prescribed treatment. See AR at 29 (Doc. 11-2).

In explaining why Plaintiff failed to meet listing 11.03, the ALJ stated that "[w]hile [Plaintiff] alleges she experiences more than one seizure weekly, her compliance with proscribed medical treatment is somewhat questionable because she goes long periods of time without seeing her physician despite his recommendations." Id. The ALJ went on to explain that "even if" Plaintiff met the threshold requirement, Plaintiff failed to show that her alteration of awareness or loss of consciousness interfered with her daily activities. Plaintiff correctly notes that the ALJ failed to discuss transient postictal manifestations of unconventional behavior in his findings. The ALJ's "even if" statement, however, indicates that his subsequent findings were secondary to his primary finding that Plaintiff failed to meet the threshold requirement of the listing. Although it might be preferred that the ALJ's secondary findings be complete, the ALJ's failure to make secondary findings regarding transient postictal manifestations of unconventional behavior does not warrant remand.

Additionally, the overwhelming evidence in the record supports the ALJ's finding that Plaintiff failed to meet the threshold requirement of the listing. Although the evidence strongly suggests that Plaintiff had more than one seizure per week, there is no evidence that the seizures occurred in spite of at least three months of prescribed medical treatment. Plaintiff's medical records show that she saw her neurologist only five times from 2006 to 2010, with as many as eighteen months passing between treatments. AR 361-63, 478, 479 (Docs. 11-7, 11-8). The records of Plaintiff's other treating physicians likewise present no evidence that Plaintiff met the treatment requirement of listing 11.03. Plaintiff has failed to cite medical evidence showing that she met the requirement. As such, Plaintiff has failed to show that she met the listing.

Although the ALJ does not expressly address SSR 87-6 in his decision, his findings are consistent with the ruling. SSR 87-6 details the essential elements to consider when making a

disability determination regarding seizures. According to the ruling, there must be an ongoing relationship with a treatment source in order to "tailor" anticonvulsant drugs to the plaintiff's needs as well as adequate information regarding the history of the treatment regimen and the plaintiff's response to it. SSR 87-6. "If an individual does not have an ongoing treatment relationship, it would be unreasonable to assume that the seizures cannot be controlled with medication, at least to the level at which the listing would not be met or equaled. Therefore, in the absence of an ongoing treatment relationship, the individual's impairment cannot be found to meet or equal the listing for epilepsy." Id. Because Plaintiff failed to establish an ongoing treatment relationship with her neurologist or another physician, the ALJ properly determined that Plaintiff failed to meet the listing.

### Medical Expert

Plaintiff contends that the ALJ's erred by failing to obtain the testimony of a medical expert. Plaintiff argues that the ALJ did not fully understand listing 11.03 or the typical characteristics of complex partial seizures, and that the ALJ therefore should have called a medical expert to assist him. As indicated above, Plaintiff has failed to show that the ALJ erred in determining that Plaintiff did not meet listing 11.03, and the record contains sufficient evidence supporting his findings. As such, there was no need for a medical expert in this case. See Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999).

### CONCLUSION

The ALJ sufficiently accounted for Plaintiff's mental limitations and properly evaluated whether Plaintiff met listing 11.03. Additionally, Plaintiff has failed to show that calling a medical expert was necessary. Accordingly, it is hereby **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may

serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN(14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 16th day of August, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
