IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHAMIKA REEVES, | : | |
| | : | |
| Claimant, | : | |
| v. | : | |
| | : | No. 5:12-CV-238 (CAR) |
| CAROLYN W. COLVIN, | : | Social Security Appeal |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER ON THE REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 16] to affirm the Commissioner's denial of Claimant Shamika Reeves's application for a period of disability, disability insurance benefits, and supplemental security income, finding that she was not disabled within the meaning of the Social Security Act and Regulations.  Claimant has filed a timely Objection to the Recommendation [Doc. 17].  The Court notes that these objections are essentially restatements of arguments that were presented to the Magistrate Judge in Claimant's original briefs.  Nevertheless, the Court has conducted a *de novo* review of the administrative record and the Commissioner's decision.

In her Objection, Claimant asserts the ALJ erred by 1) failing to account for Claimant's moderate limitations in concentration, persistence, and pace in the RFC

Assessment and the hypothetical question to the Vocational Expert; 2) failing to properly evaluate whether Claimant's impairments met the requirements of Listing 11.03 for seizures; and 3) failing to call a medical expert.  The Court discusses each of these objections in turn.

> I. **Failure to Account for Claimant's Moderate Limitations in Concentration, Persistence, and Pace**

First, Claimant argues the ALJ failed to account for moderate limitations in concentration, persistence, and pace because he limited his RFC findings and the hypothetical question to the Vocational Expert to "simple work."  As discussed by the Magistrate Judge, the Eleventh Circuit in *Winschel v. Commissioner of Social Security* held that a hypothetical question limited to "simple, routine tasks or unskilled work" does not adequately account for moderate limitations in concentration, persistence, and pace <u>unless</u> "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite [these] limitations."[1]  As explained fully in the Recommendation, substantial medical evidence supports the ALJ's RFC Assessment, concluding Claimant can perform simple work despite moderate limitations in concentration, persistence, and pace in this case.  As such, the ALJ did not err in limiting his hypothetical question to "simple work."

---

[1] 631 F.3d 1176, 1180 (11th Cir. 2011).

The Court is unpersuaded by Claimant's argument that *Winschel*'s "medical evidence demonstrates" language requires that the medical evidence <u>directly state</u> Claimant can work despite limitations in concentration, persistence, and pace. Claimant has not pointed to, nor has the Court found, any authority that requires a specific medical opinion on the claimant's ability to work in order for the ALJ to limit the RFC Assessment and hypothetical question to "simple work."[2]  Thus, the Court finds no reason why the Claimant's ability to perform simple work cannot be inferred from medical examinations of memory, attention span, judgment, daily activity, and social functioning.[3]

II.     Failure to Make Requisite Findings under Listing 11.03

Second, Claimant argues the ALJ failed to make requisite findings in his determination that Claimant did not meet the requirements of Listing 11.03. Specifically, Claimant argues the ALJ failed to make a finding as to 1) whether

---

[2] The cases cited by Claimant to support this proposition merely suggest that such medical opinions are sufficient to support the ALJ's RFC assessment, not that such opinions are always required.

[3] In fact, other district courts have held substantial evidence supported the ALJ's RFC finding that the claimant could perform simple work despite these limitations, even when the medical evidence did not directly state claimant could do so. *See, e.g., Washington v. Astrue,* 1:11CV209-CAS, 2012 WL 1933768, at *11 (N.D. Fla. May 29, 2012), (holding substantial evidence supported ALJ's finding that claimant could perform simple tasks where ALJ considered examinations of memory, social functioning, and daily activity, even though one doctor opined claimant could not work): *Dawson v. Comm'r of Soc. Sec.*, 6:11-CV-1128-ORL-28, 2012 WL 1624267, at *3 (M.D. Fla. May 9, 2012) *aff'd by* 12-13465, 2013 WL 4711468 (11th Cir. Sept. 3, 2013) (holding substantial evidence supported ALJ's finding that claimant could work despite moderate limitations in concentration, persistence, and pace, where medical evidence discussed concentration and memory but did not contain specific opinion that claimant could work despite these limitations).

Claimant met the threshold requirement of experiencing more than one typical seizure pattern weekly despite three months of prescribed treatment, and 2) whether her seizures caused "transient postictal manifestations of unconventional behavior."[4]

Claimant contends the case should be remanded because the ALJ's statement that her compliance with treatment is "somewhat questionable"[5] is not a finding on the threshold requirement.  The Court, however, disagrees.  Claimant bears the burden of showing she meets all the listing requirements.[6]  As explained by the Magistrate Judge, the ALJ specifically found Claimant did not meet the threshold requirement of showing more than one seizure a week despite three months of prescribed treatment, and overwhelming evidence in the record supports this conclusion.[7]  Because Claimant failed to carry her burden on the threshold requirement, Claimant's second argument regarding the ALJ's failure to determine whether Claimant exhibited transient postictal manifestations of unconventional behavior is moot.

Claimant also contends the Magistrate Judge made four additional errors by citing to SSR 87-6 as *post hoc* rationale for the ALJ's decision, ignoring evidence of ongoing treatment, failing to consider the Commissioner's burden of showing

---

[4] 20 C.F.R. Part 404, Subpart P, App. 1, § 11.03.
[5] AR 29.
[6] *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987).
[7] R & R, Doc. 16 at 9-10.

Claimant could afford treatment,[8] and disregarding the applicability of SSR 82-59. The Court has reviewed each of these arguments and finds them to be attempts to obscure the fact that Claimant has not met her burden of showing her impairment meets the requirements of Listing 11.03.  Therefore, the Court finds these arguments to be without merit.

### III. Failure to Call a Medical Expert

Finally, Claimant argues the ALJ erred in failing to call a medical expert to help him fully understand the characteristics of complex partial seizures and the requirements of Listing 11.03.  As discussed by the Magistrate Judge, the ALJ sufficiently understood the requirements of Listing 11.03 and made the requisite findings in his determination that Claimant's impairments did not meeting the listing requirements.  Therefore, the ALJ did not have a duty to call an independent medical expert.[9]

Accordingly, the Court agrees that the ALJ applied the correct legal standards, and the decision is supported by substantial evidence.  Thus, the Recommendation of

---

[8] Claimant argues for the first time before this Court that the Commissioner has the burden of showing unjustifiable noncompliance with prescribed treatment.  To the extent that Claimant did not receive more treatment, she did not do so because she could not afford it. Whether or not to consider a new argument not presented to the magistrate judge is a matter left to the district court's discretion. *See Williams v. McNeil*, 557 F.3d 1287, 1290-91 (11th Cir. 2009). The Court questions why Claimant failed to raise this argument earlier and, therefore, declines to consider this argument now.

[9] R & R, Doc. 16 at 11.

the United States Magistrate Judge [Doc. 16] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT,** and the decision of the Commissioner is **AFFIRMED.**

**SO ORDERED,** this 27th day of September, 2013.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

ADP/ssh